

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

---

*James O'Donohue*
*Assistant United States Attorney*
*James.O'Donohue@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4985*
*MAIN: 410-209-4800*

March 10, 2025

The Honorable Brendan A. Hurson
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    United States v. Antonio Capel
               Criminal No. BAH-24-215

Dear Judge Hurson:

    I am writing to state the government's sentencing recommendation in the above-referenced case. For the reasons discussed below, the government respectfully requests that the Court accept the Rule 11(c)(1)(C) agreement and sentence the defendant to a sentence of 78 months' incarceration, which is in the middle of the United States Sentencing Guidelines (U.S.S.G.) for this case and is the sentence recommended by the United States Probation Office. PSR at 21.

### Sentencing Procedure

    In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

### Sentencing Guidelines Calculation

    The defendant pled guilty to count three of the indictment - Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). The base offense level for count three is **24** pursuant to U.S.S.G. § 2D2.1(c)(8) to reflect the total quantity of cocaine and methamphetamine possessed by the defendant with intent to distribute. The defendant agrees that the other quantities of drugs distributed constitute relevant conduct for the conviction in count three (pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1, application note 5), which results in a total offense level of **30**.

1

The defendant accepted responsibility for his misconduct and accordingly the government does not oppose a 2-level reduction in the defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the defendant's timely notification of the defendant's intention to enter a plea of guilty. Therefore, the adjusted offense level is **27**.

The defendant has 1 criminal history point, making him a criminal history category of **I**.

With an adjusted offense level of **27** and criminal history category of **I**, the defendant's sentencing guideline range is **70-87** months imprisonment.

As explained in more detail below, the government believes that a sentence of 78 months imprisonment, which is within the guidelines range, is sufficient but no greater than necessary to serve the goals of 18 U.S.C. § 3553(a).

### Factors Set Forth in 18 U.S.C. § 3553(a)

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The government believes the following 3553(a) factors are most relevant in this case:

I.  <u>Nature and Circumstances of the Offense (3553)(a)(1))</u>

The nature of the case is very serious as it demonstrates consistent and protracted drug distribution activity by the defendant throughout the spring and summer of 2024. On five separate occasions, the defendant met with undercover investigators ("the UCs") and sold them cocaine and/or methamphetamine on each date. When investigators searched his residence, they recovered a digital scale, a pill press, packaging material, approximately 8 grams of cocaine, and approximately 10 grams of a substance containing fentanyl. It is clear that the defendant's drug distribution activities were not a "one-off" but rather a lifestyle to make money. Between his drug transactions with the UCs, the defendant made more than $25,000, significantly enriching himself while distributing harmful substances that he believed were reaching the streets of Baltimore – a very serious and harmful offense.

II. <u>History and Characteristics of the Offender (3553(a)(1))</u>

The defendant's criminal history score is low, but that is due primarily to the fact that his convictions are dated. To his credit, the defendant has not been convicted of a crime in approximately 10 years. However, his criminal history also demonstrates a pattern of drug distribution dating back more than 30 years. His first drug distribution conviction occurred when he was 18 years old in 1992. PSR ¶ 31. The following year, he was convicted of Assault with Intent to Murder and sentenced to 5 years prison. It appears the victim was a child in that case. PSR ¶ 32. The defendant's criminal history has several more drug distribution offenses, the most recent occurring in Baltimore City Circuit Court in 2013, for which he was sentenced to nearly 2 years of prison with all time suspended. PSR ¶ 37. Notably, this is the only offense for which the

defendant received a criminal history point. While the instant matter is not the defendant's first drug distribution conviction, it is also not his first *federal* conviction. In 1999, he was convicted of violating 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) and was sentenced to 5 years prison plus 3 years supervised release. PSR ¶ 34. In sum, while the defendant's criminal history score is low, it does not fully encapsulate the defendant's long history of drug distribution and related offenses. On the other hand, the Government recognizes that the defendant has had virtually no recent contacts with the criminal justice system.

Further, the defendant has faced significant challenges in his life, including a "rough" childhood, during which his father left the family when the defendant was just ten years old. PSR ¶ 60. He reports having seen five shootings and three murders as a child. PSR ¶ 61. According to the defendant's girlfriend, he was exposed to drug dealing, violence, and gangs from an early age. PSR ¶ 62. These factors do not excuse the defendant's illegal drug activity but serve to contextualize the environment from which he came. With that understanding in mind, the Government believes the highest end of the sentencing guidelines, 87 months' imprisonment, is greater than necessary to achieve the goals of 18 U.S.S.C. § 3553.

III.   <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))</u>

Instead, a sentence of 78 months incarceration is appropriate under the circumstances to provide just punishment and adequately protect the public while balancing the factors described in Section II above. As discussed in Section I of this submission, the instant matter is not the defendant's first federal conviction and far from his first drug trafficking offense. The Court must emphasize that while the defendant has some mitigation, distributing dangerous substances in the community is a serious offense and will not be tolerated. A sentence of 78 months, which is in the middle of the guidelines range, would hopefully deter other individuals from committing similar crimes and would therefore serve as both a specific and general deterrent. Additionally, a significant period of supervised release following the defendant's term of imprisonment would likewise deter the defendant's criminal activity and protect the public.

The government thanks the Court for its consideration of this matter.

                Respectfully submitted,

                Kelly O. Hayes
                United States Attorney

                _____/s/_____
          By: James O'Donohue
                Assistant United States Attorney

cc: Gabriel Reyes, Esq.
   Helen Domico, USPO